UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARK SKY RESTORATION, INC.**                        **CIVIL ACTION**

**VERSUS**                                             **No. 22-2793**

**DONNA W. BOTTLEY**                                   **SECTION I**

## ORDER & REASONS

Before the Court is defendant Donna W. Bottley's ("defendant") motion[1] to dismiss plaintiff Dark Sky Restoration, Inc.'s ("Dark Sky") complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). For the following reasons, the motion to dismiss is denied.

## I. BACKGROUND

Dark Sky filed its complaint in this action on August 22, 2022.[2] The complaint alleges that Bottley entered into a written contract with Dark Sky to repair damage to her home caused by Hurricane Ida.[3] The complaint further alleges that, though Bottley has received compensation from her insurance carrier for damages caused by Hurricane Ida, and "[s]uch compensation was intended, in part, for payment to [Dark Sky] for the scope of remediation work performed," Bottley has not paid her outstanding balance due, nor has she responded to any communications from Dark Sky.[4] The total amount allegedly to be paid for services rendered is $78,209.00.[5] Dark

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 1.
[3] *Id.* ¶ 5.
[4] *Id.* ¶¶ 5–7.
[5] *Id.* ¶ 5.

Sky asserts claims for recognition and enforcement of statement of claim and privilege, pursuant to La. Stat. Ann. 9:4801 *et seq.*, breach of contract, breach of good faith and fair dealing, fraud and detrimental reliance, open account, and unjust enrichment.[6]

A summons was issued to Bottley "through her attorney of record DaShawn P. Hayes, Esq."[7] on August 23, 2022. It was returned executed on October 3, 2022, indicating that service was made upon "John for DaShawn Hayes" on September 30, 2022.[8] On October 12, 2022, Bottley filed a motion[9] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternate, to quash service of process. In her motion, Bottley alleged that service of process was insufficient because, first, DaShawn Hayes ("Hayes") had not been designated as agent of service for Bottley and, second, service was made upon a person who was not an authorized agent or employee of Hayes or his law firm.[10]

On November 14, 2022, the Court granted Bottley's motion to quash and dismissed without prejudice her motion to dismiss.[11] While the Court found that Bottley was not properly served, the Court also found that the deficient service was "curable."[12] Accordingly, the Court ordered Dark Sky to properly serve Bottley or

---

[6] *Id.* ¶¶ 8–40.
[7] R. Doc. No. 3, at 1.
[8] R. Doc. No. 5, at 2.
[9] R. Doc. No. 6.
[10] R. Doc. No. 6-1, at 6.
[11] R. Doc. No. 9.
[12] *Id.* at 6.

obtain a waiver of service by no later than 5:00 P.M. on November 21, 2022.[13] The Court further ordered that, if Dark Sky failed to properly serve or obtain a waiver of service, Bottley was permitted to refile her motion to dismiss or the case could be placed on the Court's call docket.[14]

On November 21, 2022, Dark Sky filed a "Memorandum in Response to R. Doc. 9 (Order and Reasons),"[15] providing further background information on the multiple attempts Dark Sky made to serve Bottley. The memorandum asked the Court to "(1) find service upon Defendant's counsel satisfactory, (2) . . . appoint an agent for service of process, and, in the alternative, (3) provide an extension of 120 days to continue to attempt to serve Defendant personally."[16] However, as Dark Sky's requests had been made in a "memorandum," and Dark Sky had not filed a motion requesting relief, the Court took no action on these requests.[17]

On November 28, 2022, Bottley filed a second motion to dismiss, again alleging insufficient service of process. In this second motion to dismiss, currently before the Court, Bottley argues that dismissal is warranted as Dark Sky has not properly served Bottley nor sought waiver of service of process, and Dark Sky cannot show good cause for its failure to properly and timely serve Bottley.[18] Dark Sky opposes[19]

---

[13] *Id.* at 7.
[14] *Id.*
[15] R. Doc. No. 10.
[16] *Id.* at 5.
[17] R. Doc. No. 11.
[18] R. Doc. No. 12-1, at 5.
[19] R. Doc. No. 13.

3

Bottley's motion to dismiss, reurging the same arguments and requesting the same relief as in its November 21, 2022 memorandum.[20]

## II.   LAW & ANALYSIS

Rule 12(b)(5) of the Federal Rules of Civil Procedure "provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Worley v. Louisiana*, No. 10-3313, 2012 WL 218992, at *2 (E.D. La. Jan. 25, 2012) (Africk, J.) (quoting *Wallace v. St. Charles Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005) (Duval, J.)). "In the absence of valid service of process, proceedings against a party are void." *Id.* (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)).

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), the Court must first determine whether "good cause" exists to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If "good cause" does exist, the Court must extend the time requirement for service of process. *Id.* "If 'good cause' does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.* The

---

[20] R. Doc. No. 10.

4

party responsible for serving process has the burden to show that the service was valid or good cause existed for its failure to serve process properly. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (per curiam) (citing *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)); *see also Jacob v. Barriere Constr. Co., LLC*, No. 08-3795, 2009 WL 2390869, at *3 (E.D. La. July 30, 2009) (Fallon, J.). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Dark Sky does not dispute that it has failed to properly serve Bottley within the 90-day period established by Rule 4.[21] The Court must therefore either dismiss the case without prejudice or, if good cause exists, order that service be made within a specified time. "'[G]ood cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Establishing good cause typically requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified." *Lambert*, 44 F.3d at 299. To determine whether "good cause" exists, the Court looks at the actions of the plaintiff that took place within the requisite period of time. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

---

[21] R. Doc. No. 13, at 1–2.

5

Bottley asserts that Dark Sky is unable to show good cause for its failure to properly serve process within 90 days "as there is no evidence within the record indicating that [Dark Sky] sent a request for waiver of service to [Bottley], that [Bottley] has intentionally and willfully evaded service or that the lack of service is based upon the actions of a third party that is out of the control of [Dark Sky]."[22]

In its opposition, Dark Sky alleges that it made six attempts to serve Bottley, including attempts "at [Bottley's] house, through her attorney, at her place of work twice, and at a Jefferson Highway apartment building."[23] Dark Sky also states that it hired a private investigator, Todd Kelly, to locate Bottley, but he was unsuccessful.[24] Dark Sky further avers that "undersigned counsel [for Dark Sky] has attempted to contact [Bottley's] counsel numerous times through telephone and email to no avail."[25]

The question before the Court is therefore whether Dark Sky has demonstrated good cause for its failure to timely serve Bottley. Dark Sky has made multiple attempts to serve Bottley throughout the statutory 90-day period for service, at multiple locations, going so far as to hire an investigator to locate her. Dark Sky's initial attempt at service, upon Bottley's counsel of record, was incorrect because counsel had not been "expressly appointed as [Bottley's] agent of service," and

---

[22] R. Doc. No. 12-1, at 5.
[23] R. Doc. No. 13, at 3. While the opposition states that Dark Sky made six attempts to serve Bottley, the Court can only identify five attempts based on the information provided in the opposition. *See id.* at 1–2.
[24] *Id.* at 1; R. Doc. No. 13-1.
[25] R. Doc. No. 13, at 2. Dark Sky does not assert that these efforts constitute "good cause," nor indeed does Dark Sky's opposition discuss good cause at all.

"service was not even made upon the undersigned but another individual," an unknown "John."[26] However, Bottley does not argue that the four subsequent attempts were incorrectly made, which would indicate mistake by counsel, unfamiliarity with the applicable federal and state rules governing service of process, or inadvertence. *See Newby,* 284 F. App'x at 149–50.

Bottley likewise does not argue that Dark Sky dragged its feet and it likewise does not offer evidence of a pattern of delay. *See Bounds*, 2018 WL 6831105, at *6. Dark Sky re-requested summons be issued to Bottley at her home address on October 13, 2022—the day after she filed her initial motion to dismiss for insufficient service of process.[27] The following day, October 14, 2022, Dark Sky's investigator attempted to serve Bottley at her home address.[28] When that effort was unsuccessful, Dark Sky made three further attempts. Dark Sky's many efforts to locate and to properly serve Bottley indicate that "[p]laintiff's failure was not the result of simple inadvertence or lack of diligence." *Ganpat*, 434 F. Supp. 3d at 462; *see also Wyland v. New Orleans City*, No. 08-4288, 2009 WL 3378656, at *1 (E.D. La. Oct. 15, 2009) (Lemelle, J.) ("Plaintiff attempted to locate the correct address of [the defendant] through the discovery process . . . and continued to exercise diligence in locating the correct address until [he] was finally located and served [outside of the statutory window for service]. Plaintiff's delay in locating [the defendant] was through no fault of her own.").

---

[26] R. Doc. No. 6-1, at 6.
[27] *See* R. Doc. Nos. 6 (filed October 12, 2022) and 7 (filed October 13, 2022).
[28] R. Doc. No. 13-1, at 1.

Focusing on the actions Dark Sky attempted during the statutory 90-day period for service of process, the Court finds evidence of good faith on the part of Dark Sky and a reasonable basis for its noncompliance with Rule 4. *See Lambert*, 44 F.3d at 299. Accordingly, the Court finds good cause exists to extend the time for service. Fed. R. Civ. P. 4(m).[29]

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Bottley's motion to dismiss for insufficient service of process, pursuant to Rules 4(m) and 12(b)(5), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Dark Sky shall properly serve Bottley with the complaint and summons in the above-captioned case, or obtain a waiver of service, no later than **Monday, February 6, 2023.** If Dark Sky fails to serve Bottley by that deadline, Bottley may refile her motion to dismiss or the case may be placed on the Court's call docket.

New Orleans, Louisiana, January 4, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[29] As the Court finds Dark Sky has shown good cause sufficient to grant an extension of the 90-day period to serve process, the Court need not reach Dark Sky's alternative arguments that, pursuant to La. Code Civ. Proc. Ann. art. 5091(A), Bottley should be designated an "absentee defendant" and the Court should appoint an attorney to represent Bottley, or that the Court should find Dark Sky's attempted service to be "satisfactory." R. Doc. No. 13, at 5–6.